21827

SOUTH CAROLINA DEPARTMENT OF HIGHWAYS & PUBLIC TRANS-
PORTATION, Respondent, v. George Morris CHESTON, Sydney C. De-
vereaux and Francis C. Tower Fosburg Train, Landowners, Appellants.
(298 S. E. (2d) 447)

*Moore, Flowers & Doar,* Georgetown, *for appellants.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Evans Taylor Barnette* and *M. Rich Boberson,* Columbia, and *Rosen, Rosen & Scoville,* Georgetown, *for respondent.*

Dec. 20, 1982.

LEWIS, Chief Justice:

Respondent, South Carolina Department of Highways and Public Transportation, instituted condemnation proceedings to acquire portions of appellants' (landowners') property for the purpose of widening an existing highway. The property sought to be acquired contained 25.48 acres, consisting of a strip 12,598 feet long ranging in width from 88 feet to 113 feet, and was a part of a 3300 acre tract. A jury assessed the damages by reason of the proposed taking at $122,700.00. Upon motion of respondent, the trial judge set the verdict aside and granted a new trial upon the grounds that (1) he committed legal error in not confining the jury, in the assessment of damages, solely to a determination of the difference in value of appellants' tract before and after the condemnation and (2), under this method of evaluation, there was no evidence of "substance and credibility" to support the verdict. We reverse and reinstate the verdict.

The appeal turns upon the determination of whether, under the facts of this case, the sole measure of damages from the taking is the difference in value of appellants' tract before and after the taking.

Where a portion of tract of land is taken, we have recognized that while the "before and after" method of evaluating damages is sound, it is not exclusive. In addition, we have held that it is permissible to assess damages upon the basis of the fair value of the land taken plus any special damages to the remainder. *South Carolina State Highway Department v. Bolt,* 242 S. C. 411, 131 S. E. (2d) 264; *Carolina Power and Light Company v. Copeland,* 258 S. C. 206, 188 S. E. (2d) 188. Where there is testimony assessing damages by both methods, it then becomes the duty of the jury to determine which formula yields the more just result.

In this case, expert witnesses for respondent, using the before and after formula, estimated the damages resulting from the taking to be from $30,560.00 to $35,900.00. Appellants' expert witnesses assessed the damages upon the basis of their estimate of the value of the property taken, with no damage to the remainder of the tract, arriving at an estimate of the damages from $152,400.00 to $188,560.00. As

previously stated, the jury reached a verdict of $122,700.00. Appellant's property is subject to the Georgetown County Zoning Ordinance and is zoned for forest and agricultural use. This classification permits the use of the property for rural residential sites, but requires a minimum lot size of one acre. There was testimony that this was the highest and best use of the condemned acreage as presently zoned.

However, there was also testimony that there was a reasonable basis for obtaining a change in the zoning classification of the area condemned to permit other uses, thus permitting the use of all or portions of the property for commercial, light industrial or general residential purposes. If so rezoned, the property would have a higher value. The close proximity of the property to the City of Georgetown, minimal development costs, availability of public water, the nearness to schools, and accessibility to a large flow of vehicular traffic were factors cited as supporting the reasonableness of rezoning. The trial judge, in his order granting a new trial, made the unchallenged ruling that "the evidence regarding the probability of securing such a change [rezoning] reasonable and I further find that the law would permit consideration of such a factor."

Mr. Lachicotte, one of appellants' expert witnesses, testified as to the available uses of the 25.48 acre tract involved, without regard to the adjacent property of the landowner. He stated on cross-examination:

Q. ... Are you aware of the depth of the property that is being taken?
A. Some 88 to 115 feet.
Q. What sort of commercial establishment could be located on that kind of depth?
S. We have some at the beach that are located on less than that.
Q. Just tell me what kind.
a. Gift shops, convenience stores, A.B.C. stores, laundry pickups, launderetts, washing and cleaning, office construction places; just any number of things.
Q. ... Now, do you feel this is a proper place for that type of development?
A. I certainly do. I think it is a growing area.

\* \* \* \* \*

Q. ... Is this sufficient depth to accommodate residential property?
A. Yes, sir. Some people like that, particular being on the highway, some people don't. You get more frontage and less depth.

Therefore, testimony estimating damages from the taking was properly admitted under both formulas, i.e., (1) the difference in value of the entire tract before and after that taking and (2) the value of the land taken plus any damage to the remainder. The trial judge then correctly instructed the jury that "either of these approaches is adequate in the law, either may be used ... so long as it satisfies you [the jury] ... that it is a proper and usable one by your judgment and one which does reveal and carry to your mind truth and reliability as to the appropriate value to be assigned as just compensation in this particular case."

We think the trial judge erred when he set the verdict aside on the ground that an inappropriate formula was permitted to be used in assessing the damages. The testimony of appellants' appraisers based upon the value of the land taken was admissible and properly considered by the jury in assessing damages.

The remaining question concerns respondent's additional sustaining ground.

After the verdict, respondent moved for a "new trial absolute, or in the alternative for a new trial nisi. A new trial absolute based on the grounds that the verdict was tainted by prejudice. A new trial nisi on the grounds that the verdict was not commensurate with the evidence that was put forth." The trial judge denied the motion for a new trial absolute or nisi because of the size of the verdict, stating that the verdict was within the "permissible range". He then concluded: "So it is only the procedural and evidentiary points that I would like to *further* consider." (Emphasis added).

Respondent now argues, as an additional sustaining ground, that the trial judge erred in not granting a new trial based upon the excessiveness of the verdict, contending that the question was not determined by the trial judge and this issue should be remanded to the trial judge for consideration.

We think it evident from the record that the trial judge denied the motion for a new trial because of alleged excessiveness of the verdict, and we conclude there was no abuse of discretion in doing so. While the verdict was large, it was well within the range of the estimates of damage and there is no indication that the verdict was influenced by prejudice.

The judgment is reversed and the cause remanded for entry of an order reinstating the verdict of the jury.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.