## 66771. BELL v. THE STATE.

BIRDSONG, Judge.

Rickey Bell was convicted of armed robbery and sentenced to serve twenty years. He brings this appeal enumerating two alleged errors. *Held:*

1. Bell's counsel filed a motion to withdraw as counsel under the provisions of Anders v. California, 386 U. S. 738 (87 SC 1396, 18 LE2d 493). However, the motion to withdraw was not brought to the attention of this court in sufficient time before the scheduled hearing of the case for the court to consider the motion and give to the appellant the right to assert additional matters in event of a grant of the motion to withdraw. Therefore the motion to withdraw is denied.

2. The first enumeration complains that the state was allowed to maintain the presence of its prosecuting witness in the courtroom throughout the trial process but was not required, as requested by the defense, to present that witness' testimony first. The state informed the court that though the presence of the witness was necessary to assist in the prosecution of the case, the orderly presentation of evidence required the witness' testimony to come later in the trial. The presence of a witness under these circumstances after the rule of sequestration has been invoked is a matter within the sound discretion of the trial court. *Parham v. State,* 135 Ga. App. 315, 320 (8) (217 SE2d 493). There was no abuse of that discretion in this case. *McKenzie v. State,* 249 Ga. 582 (1) (292 SE2d 692).

3. In his second enumeration, Bell complains that the evidence was insufficient to sustain the verdict. There is no contention that an armed robbery did not occur. A car identified by two persons by color and make with particular markings was parked close by the convenience store which was robbed. This car was then shown to have been a car recently purchased by Bell and was shown to have been in Bell's exclusive possession at the time of the robbery. The victim of the robbery unequivocally identified Bell by a photographic lineup, a lineup in person and at trial as being the person who struck him with a heavy club and took over $1,000 in cash. He also knew Bell from

having seen Bell before the robbery and Bell admitted having been in the store only a few days earlier. Bell gave several conflicting statements as to his activities on the day of the robbery but offered evidence which if believed would have conclusively established, by alibi, the impossibility of his presence at the scene of the crime.

This court passes only on the sufficiency of the evidence, not its weight, to support a verdict of guilty, and in performing that duty, we must examine the evidence in a light most favorable toward the support of that verdict. *Smith v. State,* 245 Ga. 44, 46 (262 SE2d 806). Although the evidence was in conflict on the issue, it was for the jury to resolve such conflicts. The jury resolved Bell's presence at the scene in favor of the state, and we as an appellate body will not substitute our judgment for that of the jury. *Glover v. State,* 237 Ga. 859, 860 (230 SE2d 293). Our view of the evidence convinces us that any rational trier of fact could find beyond reasonable doubt that an armed robbery was committed and that Rickey Bell was its perpetrator. *Baldwin v. State,* 153 Ga. App. 35, 37 (264 SE2d 528).

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 6, 1983.

*Shelley Davidson,* for appellant.
*Arthur E. Mallory III, District Attorney, Blanchette C. Holland, Assistant District Attorney,* for appellee.