### 71400. BUTLER v. THE STATE.
(338 SE2d 540)

DEEN, Presiding Judge.

Appellant Michael Butler and an accomplice were indicted for armed robbery. The accomplice entered a guilty plea and testified at trial against appellant, stating *inter alia* that before setting off for the targeted premises, he, Butler, and the latter's girl friend (or "wife") had had a word of prayer together.

A jury found Butler guilty as charged, and he received a fifteen-year prison sentence. He then moved for a new trial on the general grounds and, by amendment, on the ground of newly discovered evidence. After a hearing, the trial court denied the motion on the basis that the criteria for granting a new trial had not been met, and Butler

appeals on the general grounds. *Held*:

Our review of the record in the instant case, including the transcripts of the trial and the hearing on the motion for new trial, reveals that none of appellant's enumerations of error has merit. The evidence adduced at trial was sufficient to authorize a reasonable trier of fact to find appellant guilty beyond a reasonable doubt, *Hampton v. State*, 250 Ga. 805 (301 SE2d 274) (1983), while the purported "new evidence" falls far short of the criteria for granting a new trial. OCGA § 5-5-23; *Timberlake v. State*, 246 Ga. 488 (271 SE2d 792) (1980); *Turner v. State*, 139 Ga. App. 503 (229 SE2d 23) (1976). Moreover, we find no error of law in the proceedings. Barring abuse of discretion, the judgment of the trial court in denying a motion for new trial will not be disturbed, and we find no such abuse in the instant case. *Pendergrass v. State*, 168 Ga. App. 190 (308 SE2d 585) (1983).

With respect to the pre-robbery prayer meeting that was held, one could infer or argue facetiously that this could reasonably be expected to lead to a better brand of criminals, but no less guilty than any others. The blame here cannot be shifted to anyone else or labeled "an act of God" but remains the responsibility of the actors, including the appellant. *Shirley v. State*, 149 Ga. App. 194 (253 SE2d 787) (1979).

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED DECEMBER 3, 1985.

*P. Craig Davis*, for appellant.

*Willis B. Sparks III, District Attorney, Virgil L. Adams, Assistant District Attorney*, for appellee.