## 71871. RYLES v. THE STATE.
### (339 SE2d 792)

BANKE, Chief Judge.

Based on evidence that he had broken out the windows of several motor vehicles, including one owned by the Thomas County Drug Squad, using a tire tool, the defendant was convicted of one count of criminal damage to property and one count of criminal interference with government property. On appeal, his sole enumeration of error concerns the action of the trial court in allowing the chief investigating officer in the case to sit at the counsel table with the state's attorney throughout the trial and to take the stand after several other witnesses for the state had already testified. The defendant contends that the trial court abused its discretion by granting this exemption from the rule of sequestration without first requiring the state to make an evidentiary showing as to why this witness was needed at the counsel table and why he could not testify first. *Held*:

The trial court acted on the basis of a request by the assistant district attorney that the witness "be allowed to sit at the prosecution table for an orderly presentation in the case." Such a request has been held sufficient to support an exemption from the rule of seques-

tration. See, e.g., *Blalock v. State,* 250 Ga. 441 (1) (298 SE2d 447) (1983); *Bell v. State,* 168 Ga. App. 336 (2) (308 SE2d 853) (1983). Furthermore, the testimony of the witness in question concerned certain events which transpired at the jail after the defendant's arrest, whereas the testimony of the previous witnesses had concerned the events leading to the arrest. It has not been suggested how, under these circumstances, the grant of the exemption from sequestration might have harmed the defendant.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED JANUARY 22, 1986.

*Walter E. Van Heiningen,* for appellant.

*H. Lamar Cole, District Attorney, James E. Hardy, Assistant District Attorney,* for appellee.