### 71739. BROWN v. THE STATE.
(344 SE2d 509)

SOGNIER, Judge.

Appellant was convicted of fourteen violations of the Georgia Controlled Substances Act by selling marijuana and selling counterfeit substances purporting to be cocaine and marijuana.

1. Appellant contends the evidence is not sufficient to support the verdict. The evidence disclosed that on fourteen separate occasions Joseph Bullard, an undercover police officer, bought from appellant either marijuana, a white powder purporting to be cocaine (in reality, bicarbonate of soda), or a substance purporting to be marijuana. Bullard positively identified appellant as the person who sold him the various substances. Appellant denied selling marijuana or any other substance to Bullard.

The weight of the evidence and the credibility of witnesses are questions for the triers of fact, *Bryant v. State*, 174 Ga. App. 468 (1) (330 SE2d 406) (1985), and this court passes on the sufficiency of the evidence, not its weight. *Dillard v. State*, 147 Ga. App. 587, 588 (1) (249 SE2d 640) (1978). We find the evidence sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant contends the trial court erred by allowing police lieutenant Robert Davis (Bullard's supervisor) to remain in the courtroom, over objection, during presentation of the evidence in the case. The State requested that Davis be allowed to remain in the courtroom to assist in the prosecution, due to the large number of charges in the case. After appellant objected to Davis remaining in the courtroom, the prosecutor stated that Davis would be the first prosecution witness with the exception of the expert from the crime laboratory, who the defense had agreed could testify first. The presence of Davis under these circumstances after the rule of sequestration had been invoked was a matter within the sound discretion of the court. *Bell v. State*, 168 Ga. App. 336 (2) (308 SE2d 853) (1983). We find no abuse of that discretion.

Appellant also argues that it was error to allow Davis to testify for the State in rebuttal after hearing other witnesses testify. Appellant made no objection on this ground to Davis testifying in rebuttal. Nevertheless, this issue has been decided adversely to appellant. See *Floyd v. State*, 156 Ga. App. 741, 742 (2) (275 SE2d 786) (1980).

3. Lastly, appellant contends it was error to allow Davis to testify as an expert witness when he had not been qualified as an expert in the application of tattoos by prisoners in the jail population. This issue arose when Davis was asked if he had ever seen amateur tattooing done in the jail environment. Appellant objected and after a brief discussion between the court and counsel, the State said it had nothing further. The question was never answered by Davis and no ruling was made on appellant's objection. Since Davis did not testify as an expert on this issue, there is nothing for us to review. *Sims v. State*, 159 Ga. App. 692 (1) (285 SE2d 65) (1981).

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED APRIL 8, 1986.

*Joseph E. Williams, Jr.*, for appellant.
*Willis B. Sparks III, District Attorney, Vernon R. Beinke, Thomas J. Matthews, Assistant District Attorneys*, for appellee.