A90A0295. BOYD v. THE STATE.
(395 SE2d 7)

COOPER, Judge.
Appellant and three co-defendants were indicted on the charge of theft by shoplifting. At the joint trial of appellant and one of his co-

defendants, the jury returned a verdict of guilty. This appeal follows the denial of appellant's motion for new trial.

The evidence adduced at trial showed that appellant and the three co-defendants drove, in a van, to a Wal-Mart store in Newnan, Georgia. While two of the co-defendants diverted the attention of a store employee, appellant and the other co-defendant loaded a buggy with Wal-Mart merchandise and, without paying for the merchandise, took it from the store, through the garden shop, to the van. Appellant and the others drove away from the Wal-Mart, but the van broke down shortly thereafter in a nearby parking lot. The police arrived while the van was disabled, and appellant and the co-defendants ran away; however, two of the co-defendants were apprehended that day. When the police were able to ascertain the names of the other two suspects, warrants were issued and appellant and another co-defendant were subsequently arrested.

One of appellant's co-defendants entered a guilty plea and testified for the State as to appellant's participation in the shoplifting. An employee of Wal-Mart testified that she saw a man pushing a buggy loaded with Wal-Mart merchandise out of the garden section of the store toward a burgundy van, that he threw the merchandise in the van, and that she got a look at the man as he pushed the empty buggy back to the store. She identified appellant, at trial, as the man she saw pushing the buggy back to the store. Another witness for the State testified that after she became aware of the shoplifting, she followed the van in her car to get the license number, and that she pulled her car alongside the van and looked "eye to eye" with the driver. She identified appellant as the driver of the van.

Following appellant's conviction, his trial counsel filed a motion for new trial and appellant, acting pro se, filed an amended motion for new trial. The trial court heard evidence on both motions, and both appellant and his attorney were allowed to question witnesses. Appellant is represented on appeal by his trial counsel, who has filed an enumeration of errors and brief. Appellant filed, pro se, a supplemental brief, in which he raises several enumerations of error not contained in his counsel's enumerations. Appellant does not have a right to be represented by counsel and also to represent himself. Ga. Const. 1983, Art. I, Sec. I, Par. XII. *Cargill v. State*, 255 Ga. 616 (3) (340 SE2d 891) (1986). Therefore, we will consider only those enumerations of error presented by counsel, whose representation of appellant is still in effect.

1. Appellant contends that the trial court erred in denying his motion for new trial on the grounds of an illegal pre-trial identification. At the hearing on his motion for new trial, appellant presented evidence that on the morning of trial, both of the witnesses who identified him during the trial were allowed to look at him as he sat in the

holding cell behind the courtroom. Since neither witness identified appellant prior to trial, appellant contends that their identification during trial was tainted by the alleged impermissible pre-trial identification. To rebut appellant's evidence the State presented evidence that although one of the witnesses may have seen appellant in the holding cell, neither participated in a pre-trial identification, and that the witnesses' identification of appellant at trial was based on their recollection of seeing appellant on the night of the crime. "The weight of the evidence and the credibility of witnesses are questions for the triers of fact. . . . [Cit.]" *Brown v. State*, 178 Ga. App. 691 (1) (344 SE2d 509) (1986). "Assuming arguendo some form of taint had occurred in the pretrial identification of appellant, a witness' in-court identification may still be admitted provided it has an 'independent origin' therefrom. [Cit.]" *Brown v. State*, 192 Ga. App. 187 (1) (384 SE2d 254) (1989). The trial court, as the factfinder at the hearing on the motion for new trial, participated in the questioning of witnesses and weighed the evidence in favor of the State. Finding no abuse of discretion, the judgment of the trial court will not be disturbed. *Butler v. State*, 177 Ga. App. 167, 168 (338 SE2d 540) (1985).

2. Appellant's contention that the State knowingly permitted the use of false testimony is without merit. Appellant argues that because the State was surprised by the witnesses' in-court identification of appellant, the State had a duty to alert the court that the testimony was false. Where the record does not disclose that the conviction was based on the State's knowing use of perjured testimony, no reversal is required. *Arnold v. State*, 163 Ga. App. 10 (1b) (293 SE2d 501) (1982). Accordingly, we find no error with the trial court's denial of appellant's motion for new trial.

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED MAY 4, 1990 —
REHEARING DENIED MAY 29, 1990 —

*Sanders, Mottola, Haugen & Mann, Walter S. Haugen*, for appellant.

*William G. Hamrick, Jr., District Attorney, Agnes T. McCabe, Assistant District Attorney*, for appellee.