## A91A1830. WILLIAMS v. THE STATE.
(415 SE2d 331)

BIRDSONG, Presiding Judge.

Willie James Williams appeals his conviction for violation of the Georgia Controlled Substances Act by selling cocaine. He alleges the trial court erred by denying his motion for a mistrial because a State's witness impermissibly put Williams' character in issue. *Held*:

The transcript shows that while answering a question by the prosecutor, a deputy testified that "Willie James Williams has been known to me a long time as being a dealer. . . ." Williams' counsel promptly objected and sought a mistrial. At the request of the prosecutor, however, the motion was perfected and formally denied later.

The transcript also shows the trial court immediately sustained Williams' objection and stated in open court: "[Deputy], the last testimony you gave, the jury cannot consider that, and I'll specifically direct the jurors to disregard his last statement. It's inadmissible evidence, and I do sustain that objection. Disregard that statement altogether."

The deputy's testimony was so unresponsive, irrelevant, and inadmissible that the prosecutor did not even argue for its admissibility. Additionally, this deputy was a certified, experienced law enforcement officer. Although by now such law enforcement officers should know better than to blurt out inadmissible matters, prosecutors have the responsibility to "counsel their witnesses, especially law enforcement officers, to avoid extraneous and inadmissible outbursts." *Boyd v. State*, 146 Ga. App. 359-360 (246 SE2d 396). This is the kind of outburst held previously to constitute reversible error. See, e.g., *Robinson v. State*, 192 Ga. App. 32, 35 (383 SE2d 593); *Boyd v. State*, supra.

The transcript, however, shows that Williams' counsel first introduced evidence of Williams' prior drug sales by asking the person who bought the drugs about other purchases. "Q: You'd bought cocaine from him before? A: Yeah. Q: A lot of times? But never pawned anything with him? A: No." Thus, while this questioning does not excuse or allow the objectionable testimony by the deputy, it is a factor for the trial court to consider when deciding whether a mistrial was required.

Whether to grant a mistrial is a matter within the sound discretion of the trial court, and its ruling will not be disturbed absent an abuse of discretion. *Martin v. State*, 193 Ga. App. 581, 584 (388 SE2d

420). Therefore, considering the objectionable testimony in the context of the earlier questioning by Williams' counsel and the prompt remedial action by the trial court, we find no abuse of discretion.

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED FEBRUARY 10, 1992.

*William K. Blackstone*, for appellant.

*W. Glenn Thomas, Jr., District Attorney, John B. Johnson III, Assistant District Attorney*, for appellee.