## A92A1764. GUYTON v. THE STATE.
(424 SE2d 87)

JOHNSON, Judge.

Bud Guyton was convicted of two counts of sale of cocaine. Following the denial of a motion for new trial, he appeals his conviction.

1. Guyton contends that the trial court erred in allowing testimony regarding a previous incident in which he was involved in a sale of cocaine. He argues that the evidence was insufficient to establish that he was the perpetrator of the other crime and that there were insufficient similarities between the previous offense and the offenses charged to meet the test of *State v. Johnson*, 246 Ga. 654, 655 (1) (272 SE2d 321) (1980). He also argues that the two-year interval of time between offenses diluted the evidence so that the former does not tend to prove the latter. We disagree.

The state made a proffer of the similar transaction evidence at a pre-trial hearing. A police officer testified that Guyton had sold him four rocks of crack cocaine outside of the Jack of Diamonds Club in June 1986. The offenses for which Guyton was being tried in this case involve the sale of rocks of crack cocaine in April and May 1988, outside the same club. On one occasion he sold a "fifty," a fifty-dollar rock of cocaine, to two undercover agents, on the other occasion he sold two rocks of cocaine to a citizen cooperating with police in their investigation. All three identified Guyton as the person from whom they had purchased the drugs. The previous incident involved the sale of the same drug in the same location two years prior to the arrests for the crimes presently being tried. "Evidence of similar crimes (or transactions) is admissible where its relevance to show identity, motive, plan, scheme, bent of mind and course of conduct, outweighs

its prejudicial impact. However, before it is admissible, two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime (or transaction). Second, there must be sufficient similarity or connection between the independent crime (or transaction) and the offense charged." (Citations and punctuation omitted.) *Gulley v. State*, 197 Ga. App. 131, 132 (2) (397 SE2d 609) (1990). There is no requirement that the previous offense be absolutely identical to the one being prosecuted. *Woolfolk v. State*, 202 Ga. App. 59, 61 (4) (413 SE2d 242) (1991). Further, two years is not too remote to bar the otherwise admissible evidence. See *Gilstrap v. State*, 261 Ga. 798, 799 (1) (b) (410 SE2d 423) (1991). We find sufficient similarity between the similar transaction and the offenses charged. The trial court did not abuse its discretion in admitting the similar transaction evidence.

2. Guyton contends that the trial court erred in permitting, over objection, the prosecuting detective to be seated at the counsel table, and not requiring that he testify first. This court has repeatedly held that decisions regarding exceptions to the rule of sequestration in order to facilitate the orderly presentation of evidence is a matter within the discretion of the trial court. See *Ryles v. State*, 177 Ga. App. 537 (339 SE2d 792) (1986); *Bell v. State*, 168 Ga. App. 336 (2) (308 SE2d 853) (1983). We find no evidence of abuse of that discretion, and accordingly, no error.

3. In his third enumeration of error, Guyton alleges that the trial court erred in denying a motion for mistrial after his character had impermissibly been placed in evidence. The testimony about which Guyton complains is as follows: "Basically we've gone into an area where we know people are trafficking drugs, based upon information from a registered source, in this case, a source from the Jesup Police Department. . . . We proceeded to an area where we identified and targeted numerous individuals, one of which was Mr. Guyton, sitting at the defendant's table." The colloquy was offered by the undercover agent in response to a question during direct examination regarding the nature of the investigation.

The statement could well be understood to imply that Guyton had been targeted as a drug trafficker. There is nothing in the statement to suggest, however, why Guyton was targeted, and one would need to make a giant leap to conclude that Guyton was targeted as the result of previous criminal conduct. Such a conclusion cannot logically be drawn from the testimony as offered. "Whether to grant a mistrial is a matter within the sound discretion of the trial court, and its ruling will not be disturbed absent an abuse of discretion. [Cit.]" *Williams v. State*, 202 Ga. App. 741 (415 SE2d 331) (1992). We find no abuse of discretion in the trial court's refusal to grant a mistrial.

4. Guyton also asserts that the trial court erred in admitting tes-

timony of the prosecuting officer over a hearsay objection. The officer, in explaining why the police allowed a citizen to participate in their investigation, testified that "Ms. Jackson said that she knew quite a few drug deal(ers). . . ." This hearsay testimony was improperly allowed to explain the conduct of the police in enlisting the services of Ms. Jackson. See *Teague v. State*, 252 Ga. 534 (314 SE2d 910) (1984); OCGA § 24-3-2. Nonetheless, it is clear from a review of Ms. Jackson's testimony that she did not know Guyton until the day of the drug transaction in issue in this case. The jury thus heard testimony which precluded the possibility that the inadmissible hearsay made any reference to Guyton. Therefore we find that the admission of the officer's testimony did not contribute to the verdict.

5. We find no merit in Guyton's fifth and sixth enumerations of error regarding the charges given the jury on the presumption of innocence and reasonable doubt. We have reviewed the charges given in this case and find that the trial court read the pattern instructions to the jury on reasonable doubt. The trial court charged the jury that Guyton is "presumed innocent until proven guilty. No person shall be convicted of a crime unless each element of such crime is proved beyond a reasonable doubt." This is a complete and accurate statement of law. "It is no longer necessary to give the exact language of requests to charge when the same principles are fairly given to the jury in the general charge of the court." (Citations and punctuation omitted.) *Smarr v. State*, 199 Ga. App. 572, 573 (3) (405 SE2d 561) (1991). The charges as given present no error.

6. In his seventh enumeration of error Guyton asserts that the trial court erred in failing to instruct the jury that the indictment was not evidence. The court instructed the jury that members of the grand jury had returned a two-count indictment and the defendant had entered a not guilty plea, and "this forms the issue which you have been empaneled to try." Guyton did not submit a charge regarding the effect of the indictment. "[W]here there has been no written request to charge, failure to give the charge is not error." (Citations and punctuation omitted.) *Lamb v. State*, 196 Ga. App. 665, 667 (3) (396 SE2d 497) (1990).

7. Guyton also asserts that the trial court's failure to give instructions to the jury regarding the weight to be given to an expert's testimony constitutes error. The court's charge on credibility of witnesses generally addressed bias and interest in the outcome of the case. With respect to opinion evidence, the jury was instructed that "the weight to be given opinion evidence is for you, the jury to decide." As in Division 6, Guyton did not submit a charge on the issue of expert witness testimony and therefore cannot be heard to complain on this issue. See *Meyer v. State*, 201 Ga. App. 756, 757 (2) (412 SE2d 575) (1991).

148

8. Guyton's ninth and tenth enumerations of error, that the trial court erred in charging the jury on similar transactions, and that the trial court erred in denying Guyton's motion for new trial are unsupported by argument or citation of authority. They are therefore deemed abandoned pursuant to Court of Appeals Rule 15 (c) (2).

*Judgment affirmed. Carley, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 2, 1992.

*Robert B. Smith*, for appellant.

*W. Glenn Thomas, Jr.*, District Attorney, *Gregory C. Perry*, Assistant District Attorney, for appellee.

*James T. Neal*, amicus curiae.