## A92A2263. HUFF v. THE STATE.
(428 SE2d 818)

JOHNSON, Judge.

Keith A. Huff was indicted for possession and sale of cocaine. The jury returned a verdict of not guilty on the possession charge but was unable to reach a verdict on the charge of sale of cocaine. The trial court dismissed the jury, apparently declaring a mistrial.[1] Thereafter, the state sought to prosecute Huff again on the sale of cocaine charge. Huff filed a motion for plea in bar and former jeopardy which was denied by the court. Huff appeals.

1. Huff contends that the court erred in denying his motion for plea in bar and former jeopardy because his trial was improperly terminated.

It is well settled that the trial court has broad discretion in declaring a mistrial. *Williams v. State*, 202 Ga. App. 741 (415 SE2d 331) (1992). However, "[o]nce the jury has been impaneled, the court may not discharge the jury from giving a verdict unless there is a case of manifest necessity for such an act, or the ends of public justice would otherwise be defeated. . . . In cases in which there is no manifest necessity for aborting a trial rather than using other less drastic remedies to cure problems, in the absence of defendant's motion for a mistrial, the granting of a mistrial is an abuse of discretion." (Citations

---

[1] Although the court did not formally declare a mistrial at the conclusion of trial, it is clear from the record that the effect of the court's action was a mistrial.

and punctuation omitted.) *Haynes v. State*, 245 Ga. 817, 818-819 (268 SE2d 325) (1980). We have no basis upon which to determine whether the court made a determination of manifest necessity because the portion of the transcript required for our review of this issue was not included in the record. "(W)here the transcript or record does not fully disclose what transpired at trial, the burden is on the complaining party to have the record completed in the trial court. . . . When this is not done, there is nothing for the appellate court to review." (Citations and punctuation omitted.) *Ivory v. State*, 199 Ga. App. 283, 284 (1) (405 SE2d 90) (1991).

2. Huff contends that the trial court procedurally erred in denying his motion for plea in bar and former jeopardy because the state did not respond to his allegation that the trial was improperly terminated. "It would have been appropriate for the State to file a general demurrer to the plea. The failure to do so does not mean, however, that the special plea in bar stands admitted. The failure to demur does not confess the action either in law or in fact, and the proof of the facts in the plea does not authorize a judgment unless the existence of those facts so authorize." (Citation omitted.) *Bell v. State*, 249 Ga. 644, 645 (292 SE2d 402) (1982). The record shows that Huff filed his motion for plea in bar and former jeopardy and requested a hearing. The state opposed the plea at the hearing by way of argument on the legal questions presented. Huff received a fair and impartial hearing on the merits of his plea. Furthermore, Huff fails to show how the failure of the state to file a response to his plea has prejudiced him. We therefore find this argument to be meritless. *Bell*, supra at 645, 646; compare *State v. Fowler*, 182 Ga. App. 897, 898 (357 SE2d 329) (1987).

3. Huff contends that the trial court erred in refusing to disqualify himself from presiding over the motion for plea in bar and former jeopardy. Because Huff did not file an affidavit in support of his motion for recusal, he failed to comply with the requirements of Uniform Superior Court Rule 25.1. The trial court properly denied his motion. See Uniform Superior Court Rule 25.2.

*Judgment affirmed. Pope, C. J., and Carley, P. J., concur.*

DECIDED MARCH 9, 1993.

*James H. Dickey*, for appellant.
*Robert E. Keller, District Attorney, Deborah N. Maron, Assistant District Attorney*, for appellee.