A94A2442. FOUNTAIN v. THE STATE.
(451 SE2d 536)

BLACKBURN, Judge.

Wesley A. Fountain appeals the trial court's order denying his motion to set aside his conviction of driving under the influence.

The evidence in the record indicates that on March 23, 1987, a traffic citation was issued to Fountain for driving under the influence of alcohol by a Franklin County Sheriff's officer. The citation ordered Fountain to appear in court on April 27, 1987. The disposition and sentence portion of the citation indicates that on October 13, 1989, Probate Judge Nelson Casey found Fountain guilty by court adjudication, fined Fountain $300, and suspended his driver's license for two years as part of probation.

In his motion to set aside his conviction, Fountain asserted that he contacted the probate court which informed him that the case could be resolved by paying a $300 fine. Fountain maintained that he paid the fine and thought the matter was settled; however, after the probate court recorded the conviction for driving under the influence on October 13, 1989, Fountain was informed that his driver's license was suspended. Fountain's contentions are neither supported nor contradicted by the record. However, "[a]ssertions of fact made in briefs of counsel but not supported by the trial record or transcript, as appropriate, do not constitute evidence which this court can consider on appeal." *Jones v. State*, 185 Ga. App. 595 (1) (365 SE2d 153) (1988).

The record contains no transcript of any proceedings in the probate court or the superior court. Fountain argues that the record contains no evidence establishing that a guilty plea was entered, that he understood his constitutional rights, that he waived his right to a jury trial, or that an inquiry was made to determine if there was a factual basis for a guilty plea. See *Smith v. State*, 213 Ga. App. 536 (445 SE2d 341) (1994) (Judge Andrews concurring in judgment only). Although the superior court found the record to show that Fountain pleaded guilty, such finding is not supported by any evidence in the record. The record clearly indicates that Fountain was "court adjudicated guilty." The record contains no evidence to dispute this finding.

"The mandate of the superior courts is to review asserted errors of law in the proceedings below under general appellate principles.

[Fountain] did not show error from the record. The lack of a transcript does not result in a reversal of the conviction." (Citation and punctuation omitted.) *Gilbert v. City of Manchester*, 204 Ga. App. 422, 423 (419 SE2d 487) (1992). Fountain failed to fulfill his burden to ensure the record included competent evidence to support the error he alleges on appeal. See id.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED DECEMBER 13, 1994.

*Crecelius & Crecelius, Bill W. Crecelius, Jr.*, for appellant.
*Lindsay A. Tise, Jr.*, District Attorney, *John H. Bailey, Jr.*, Assistant District Attorney, for appellee.