## A98A1378. COSBY v. THE STATE.
### (507 SE2d 551)

Judge Harold R. Banke.

After the grant of his motion for an out-of-time appeal, Okeyond Cosby appeals his convictions for one count of burglary and four counts of kidnapping. He was sentenced to serve 20 years concurrently for each count.

Viewed in support of the verdict, the evidence showed that during a home invasion robbery several armed men broke into the victims' apartment and held them at gunpoint while attempting to steal money and property. While doing so, the armed men forced the victims to move from the bedrooms to the living room and to remain there until the victims were forced to move to a bathroom.

Finally, the police rescued the victims and apprehended Cosby as he left the victims' apartment. One of the victims identified Cosby as one of the armed men who broke into the apartment.

In a statement to the police and during his trial testimony Cosby asserted that he did not participate in the crimes for which he was charged. Instead, he maintained that he was kidnapped by the real perpetrators of the crime and forced to accompany them to the victims' apartment. *Held*:

1. Cosby alleges the trial court erred by allowing the prosecution to cross-examine him about why he was in jail. Cosby testified that when the gunmen accused him of selling drugs for the target of the home invasion, he told them he could not have done so because he

had only recently been released from jail. Then, over Cosby's objection, the trial court allowed the State to ascertain from Cosby that he was in jail on drug charges that were still pending against him. Cosby contends the State should have been precluded from examining him about this matter because he had done nothing to put his character in issue. Cosby asserts that OCGA §§ 24-2-2 and 24-9-20 and *Jones v. State*, 257 Ga. 753 (363 SE2d 529) (1988), support his argument.

Cosby's contention is not well taken. "The State was entitled to cross-examine [Cosby] about his incarceration . . . because [he] introduced that topic. *Williams v. State*, 263 Ga. 135, 137 (5) (429 SE2d 512) (1993); *Wilkey v. State*, 215 Ga. App. 354, 355 (450 SE2d 846) (1994). See *Weston v. State*, 216 Ga. App. 806 (456 SE2d 214) (1995). The State, like any other party, has the right to conduct a thorough and sifting cross-examination of a witness. OCGA § 24-9-64; *Sawyers v. State*, 211 Ga. App. 668, 669-670 (4) (440 SE2d 256) (1994)." *Gentry v. State*, 226 Ga. App. 216, 218 (1) (485 SE2d 824) (1997). See also *Jones v. State*, 257 Ga. at 759-760 (1) (b), (c).

2. Cosby further contends the evidence is insufficient to sustain his convictions for kidnapping because there was no evidence that the movement of the victims was made in a clandestine or surreptitious manner. Our law, however, contains no such requirement. *Haynes v. State*, 249 Ga. 119-120 (1) (288 SE2d 185) (1982); *Chambley v. State*, 163 Ga. App. 502, 503 (1) (295 SE2d 166) (1982).

Under our law, "[a] person commits the offense of kidnapping when he abducts or steals away any person without lawful authority or warrant and holds such person against his will." OCGA § 16-5-40 (a). Further, the slightest movement of the victim will establish asportation. *Lloyd v. State*, 226 Ga. App. 401, 402 (1) (487 SE2d 44) (1997); *Lockett v. State*, 217 Ga. App. 328, 329 (1) (457 SE2d 579) (1995). Therefore, the evidence that the victims were required to move from one room of the apartment to another is sufficient to sustain Cosby's convictions for kidnapping under the standard established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. Cosby argues that the trial court's refusal to charge on the lesser included offense of false imprisonment requires reversal. We disagree.

"The complete rule with regard to giving a defendant's requested charge on a lesser included offense is: where the State's evidence establishes all of the elements of an offense *and there is no evidence raising the lesser offense*, there is no error in failing to give a charge on the lesser offense." (Citation omitted.) *Edwards v. State*, 264 Ga. 131, 133 (442 SE2d 444) (1994). Here, the evidence shows the commission of the completed offense as charged. Accordingly, the trial

court was not required to charge the jury on the lesser included offense. *Peebles v. State*, 260 Ga. 430, 433 (4) (396 SE2d 229) (1990).

*Judgment affirmed. Johnson, P. J., and Smith, J., concur.*

DECIDED OCTOBER 15, 1998.

*Kendal D. Silas,* for appellant.

*J. Tom Morgan, District Attorney, Elisabeth G. Macnamara, Barbara B. Conroy, Assistant District Attorneys*, for appellee.