## A01A0300. CHEMIELOWIEC v. THE STATE.
### (550 SE2d 120)

MILLER, Judge.

A jury found Gary Chemielowiec guilty but mentally ill of kidnapping, aggravated assault, false imprisonment, and possession of a firearm during the commission of a crime. On appeal Chemielowiec challenges the sufficiency of the evidence to sustain his kidnapping conviction and the introduction of an audiotape and witness testimony of a similar transaction. We affirm.

1. On appeal we view the evidence in the light most favorable to the verdict, the appellant no longer enjoys the presumption of innocence, and we determine the sufficiency of the evidence without weighing the evidence or judging the credibility of witnesses.[1]

Viewed to support the verdict, the evidence showed that an argument arose between Chemielowiec and his wife, who moved to another bedroom to avoid further argument. When she later walked out of the bedroom toward the living room, Chemielowiec (holding a gun) approached her and asked, "[d]o you think you're really bad now?" Chemielowiec then hit her with his fist, forced her into a bedroom, and told her to stay there. Soon after, he fired a 12-gauge shotgun onto the floor about six inches from her feet. After about three hours, Chemielowiec, now armed with three guns, brought her out of the bedroom to a window to allow her to talk to her daughter.

Under OCGA § 16-5-40 (a), a person commits the offense of kidnapping "when he abducts or steals away any person without lawful authority or warrant and holds such person against his will." "Any unlawful asportation, however slight, is sufficient to support a kidnapping conviction."[2] Thus, evidence that Chemielowiec forced the victim to move from one room to another against her will was sufficient to sustain the kidnapping conviction.[3] Chemielowiec's reliance on *Briard v. State*[4] is misplaced as the victims in that case were in no way forced, ordered, or directed to move from one place to another, unlike the victim here.

---

[1] *Evans v. State*, 240 Ga. App. 215 (1) (522 SE2d 506) (1999).

[2] (Citations and punctuation omitted.) *Parson v. State*, 245 Ga. App. 902, 904 (539 SE2d 234) (2000); *Estes v. State*, 234 Ga. App. 150 (505 SE2d 840) (1998).

[3] See *Parson*, supra, 245 Ga. App. at 904; *Hardy v. State*, 240 Ga. App. 115, 121-122 (8) (522 SE2d 704) (1999); *Cosby v. State*, 234 Ga. App. 723, 724 (2) (507 SE2d 551) (1998).

[4] 188 Ga. App. 490, 491 (1) (373 SE2d 239) (1988).

2. Chemielowiec argues that the court erred in admitting an audiotape and witness testimony of an alleged similar transaction where the State failed to give him proper notice. He complains that notice was not given until two days into trial and that this complicated his ability to prepare his defense. The State argues that notice prior to trial was impossible because the whereabouts of the evidence were unknown to the State until the time of trial.

In an interview with the victim on Saturday, September 11, 1999, the State learned of a possible similar transaction that was recorded on audiotape and requested that the victim provide the tape so that it could be determined whether the incident was, in fact, a similar transaction. On Tuesday, September 14, the State received the tape, notified the defense within an hour, allowed the defense to listen to the tape, and filed a notice of newly discovered similar transaction evidence. Jury selection also began on September 14. On Thursday, September 16, during a hearing on the admissibility of this evidence, the court found that the tape may be admissible and directed that the defense be provided with the original tape. The court withheld ruling on whether the court would allow it in light of the timeliness issue. On the following Monday, the court allowed the evidence and provided limiting instructions to the jury.

Uniform Superior Court Rule 31.1 provides that notice of the State's intention to present similar transaction evidence shall be given at least ten days before trial and authorizes the trial judge to shorten the time required for giving such notice.[5] This court has previously held that where the State promptly notifies the defense of newly discovered evidence and the defense is allowed sufficient time to investigate the evidence and interview witnesses so as not to be unfairly disadvantaged, the trial court is authorized to shorten the time required for giving notice.[6] Here, the State could not provide notice ten days before trial, for it was unaware of the evidence at that time. Upon discovery of the tape, the State promptly notified the defense and amended its notice of similar transactions. Moreover, the defense was allowed to review the tape from Thursday to the following Monday. Under these circumstances, the trial court did not abuse its discretion in shortening the time required for giving notice of this newly discovered evidence.[7]

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

---

[5] *Robinson v. State*, 257 Ga. 194, 195 (1) (357 SE2d 74) (1987).
[6] See id.; *Darden v. State*, 271 Ga. 449, 450-451 (2) (519 SE2d 921) (1999).
[7] See *Thaxton v. State*, 260 Ga. 141, 144 (6) (390 SE2d 841) (1990).

DECIDED JUNE 12, 2001.

*Marcia L. Young*, for appellant.

*Lydia J. Sartain, District Attorney, Jason J. Deal, Assistant District Attorney*, for appellee.