## A02A1956. PALMER v. THE STATE.
(580 SE2d 539)

RUFFIN, Presiding Judge.

A jury found Roosevelt Palmer guilty of kidnapping, but not guilty of criminal attempt to commit rape, misdemeanor theft by taking, and two counts of burglary. Palmer appeals, challenging the sufficiency of the evidence supporting his kidnapping conviction.

Palmer also asserts that the trial court erred in refusing to enforce a plea agreement, denying his motion for severance, and sentencing him as a recidivist. For reasons that follow, we affirm.

---

1. The standard for reviewing the sufficiency of the evidence requires that

> we view the evidence in the light most favorable to support the jury's verdict and determine if a rational trier of fact could find each essential element of the crime[ ] charged beyond a reasonable doubt. We do not weigh the evidence or determine witness credibility. Conflicts in witness testimony are matters of credibility for the jury to resolve. And as long as there is some evidence, even though contradicted, to support each fact necessary for the state's case, the verdict will be upheld.[1]

Viewed in this manner, the evidence shows that the kidnapping victim was 16-year-old L. J. At approximately 2:00 a.m. on July 22, 1999, L. J. awoke in her bed when she felt someone choking her. L. J. testified that as she screamed, her assailant picked her up and carried her down the hall to the den. L. J.'s father, William, went to investigate and found a man holding L. J. wrapped in a sheet. When the man heard William, he dropped L. J. and ran from the house. William chased and eventually caught the man, but after a brief struggle, he escaped. William recognized the man's face, however, because the two had played high school basketball together, and after looking at an old high school yearbook, William identified him as Palmer. William also identified Palmer as the kidnapper in a photographic lineup presented by the police and at trial.

Palmer testified at trial and acknowledged that he went to the victim's home during the early morning hours. According to Palmer, he met L. J. earlier in the week and happened to be in her neighborhood, so he stopped by her house. Palmer maintained that L. J. was in the kitchen when he arrived, and she let him in the house. Palmer denied picking up L. J. and forcibly carrying her into the den.

On appeal, Palmer argues that the evidence was insufficient because L. J.'s "version of the events is contradicted by the evidence and unworthy of belief." But, as stated above, it was the jury's duty to resolve conflicts in the evidence and determine witness credibility.[2] Although the jurors obviously resolved many of the conflicts in Palmer's favor, acquitting him of most of the charges, they nevertheless found him guilty of kidnapping, and the evidence supported that verdict under the standard established by *Jackson v. Virginia*.[3]

---

[1] (Punctuation and footnote omitted.) *Morgan v. State*, 255 Ga. App. 58 (1) (564 SE2d 467) (2002).

[2] See id.

[3] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); see also *Cosby v. State*, 234 Ga. App. 723, 724 (2) (507 SE2d 551) (1998).

2. Palmer also asserts that the trial court erred in denying his motion to enforce a plea agreement he negotiated with the State. But we have no basis upon which to determine the circumstances surrounding the agreement. Although the record reveals that the trial court held an evidentiary hearing on Palmer's motion, the transcript of that hearing is not included in the record. Indeed, the only evidence relating to the agreement is a change of plea form executed by Palmer and his trial counsel. The form was apparently never tendered to the court, and while Palmer attempts to explain the facts underlying the agreement in his brief, "assertions of fact made in briefs of counsel but not supported by the trial record or transcript, as appropriate, do not constitute evidence which this court can consider on appeal."[4] Because the burden was on Palmer to establish error by the record, and he has not done so, there is nothing for the Court to review.[5]

Furthermore, to the extent that the State agreed to nolle prosequi certain charges, as reflected by the change of plea form, such agreement is not binding without the trial court's consent.[6] Palmer does not contend, and there is no evidence, that the trial court ever consented to the State's offer. Thus, the agreement to nolle prosequi these charges would not have been binding.[7]

3. We also reject Palmer's assertion that the trial court erred in denying his motion to sever certain charges in the indictment. The record shows that Palmer was indicted on seven counts. Under three of those counts, Palmer was indicted for offenses relating to the L. J. kidnapping: misdemeanor theft by taking, burglary, and kidnapping. Two other counts charged Palmer with burglary and criminal attempt to rape T. A. The remaining two counts charged Palmer with burglary and criminal attempt to rape F. C. Palmer moved to sever the offenses in the indictment pertaining to each victim, arguing that it would be "impossible for the jury to not be confused and to consider the evidence in each alleged offense in a separate and distinct manner." The trial court partially granted the motion and severed the counts involving F. C., but did not sever the counts involving T. A. Palmer contends the court erred.

Once again, the trial court conducted an evidentiary hearing on Palmer's motion, and the record does not contain a transcript of that hearing. Thus, we do not know what evidence and arguments the trial court relied on in denying the motion, and it is, therefore, impos-

---

[4] (Punctuation omitted.) *Fountain v. State*, 215 Ga. App. 623 (451 SE2d 536) (1994).

[5] See id. at 623-624; *Huff v. State*, 207 Ga. App. 686, 687 (1) (428 SE2d 818) (1993).

[6] See OCGA § 17-8-3; see also *State v. Hanson*, 249 Ga. 739, 743-744 (2), 746-747 (3) (295 SE2d 297) (1982).

[7] See id.

sible to determine whether the court abused its discretion.[8] Accordingly, this enumeration of error presents no basis for reversal.[9]

4. Finally, we find no merit in Palmer's assertion that the trial court erred in sentencing him as a recidivist because the sentence constituted cruel and unusual punishment. This issue has already been considered and decided adversely to Palmer.[10]

*Judgment affirmed. Barnes and Adams, JJ., concur.*

DECIDED FEBRUARY 18, 2003 —
RECONSIDERATION DENIED MARCH 31, 2003 —

*Leon Larke, Ellis R. Garnett*, for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Rebecca A. Wright, Assistant District Attorneys*, for appellee.

---

[8] See *Shelton v. State*, 252 Ga. App. 444, 447 (2) (556 SE2d 540) (2001) (stating abuse of discretion standard of review).
[9] See *Huff*, supra.
[10] See *Shuman v. State*, 244 Ga. App. 335, 336 (1) (535 SE2d 526) (2000).