66766. WILLIAMS et al. v. THE STATE.

BANKE, Judge.

The appellants, Shirley and Marshall Williams, were jointly indicted for the offenses of selling marijuana, possessing more than an ounce of marijuana with intention to distribute, and theft by receiving stolen property (a pistol). Shirley was convicted of all three of these charges, while Marshall was convicted only of possessing marijuana with intent to distribute. Shirley was also convicted on an additional count of the indictment applicable to her alone, charging her with theft by receiving stolen property (six credit cards and a driver's license).

The marijuana, the pistol, and the stolen credit cards were all seized from the appellants' home during the execution of a search warrant. The appellants' primary contention on appeal is that the trial court erred in denying their motion to suppress this evidence. The warrant was issued in response to an affidavit by a deputy sheriff averring that within the past 48 hours a reliable source whom the deputy had known for more than three years had been on the subject premises and had made a purchase of a substance suspected to be marijuana, using two marked $20 bills given to him by the deputy for this purpose. *Held:*

1. The appellants contend that the trial court erred in considering copies of the affidavit and warrant at the motion to suppress hearing, without requiring the originals to be accounted for. However, the record was subsequently amended by court order to include the original affidavit and warrant, and the appellants make no contention that these documents, which are now before us, are not in fact what they purport to be. While the trial court should not have considered the copies without requiring the originals to be accounted for (see generally OCGA § 24-5-2 (Code Ann. § 38-212)), the appellants have made no showing that they were harmed as the result of the procedure utilized, and we hold that the subsequent inclusion

of the originals in the record obviates any technical error which may have resulted from the court's action in overruling their objection.

2. Judged under the "totality of the circumstances," we find that the information contained in the deputy's affidavit provided a substantial basis for concluding that a search of the appellants' premises would reveal the presence of marijuana. See Illinois v. Gates, —— U. S. —— (103 SC 2317, 76 LE2d 527) (1983). Accordingly, the trial court did not err in denying the motion to suppress.

3. The evidence was sufficient to authorize a rational trier of fact to conclude beyond a reasonable doubt that the appellants were in joint possession of the marijuana, which was found in open view on a nightstand in their bedroom, next to a bowl containing checks and a quantity of currency which included the marked bills given to the informant by the deputy. The conviction of Marshall Williams for possession of this contraband is not in conflict with the Supreme Court's holding in *Knighton v. State,* 248 Ga. 199 (2) (282 SE2d 102) (1981), abrogating the presumption that contraband found on premises inhabited by a husband and wife belongs to the husband as head of the household, as the trial court gave no such charge to the jury.

4. In a supplemental brief, Mrs. Williams contends that there was insufficient evidence to support her conviction of theft by receiving the stolen credit cards and driver's license. Normally, additional or supplemental briefs may not be used to argue issues not addressed in the original brief. See *Stephens v. State,* 144 Ga. App. 779 (3) (242 SE2d 371) (1978); *Dimmick v. Pullen,* 120 Ga. App. 743 (172 SE2d 196) (1967). We have nonetheless reviewed the additional arguments raised in the supplemental brief and have determined that the evidence was amply sufficient to enable a rational trier of fact to find Mrs. Williams guilty beyond a reasonable doubt of this offense. The driver's license and credit cards were seized from inside Mrs. Williams' purse and were shown to have been stolen from a woman with whom she had shared a hospital room some two months earlier. Given the nature of the property, the location where it was discovered, and the length of time it had been stolen, we must reject the appellant's argument that the circumstances did not raise an inference of guilty knowledge on her part. See generally *Hudgins v. State,* 125 Ga. App. 576 (188 SE2d 430) (1972).

5. We have carefully reviewed the appellants' remaining enumerations of error and have determined that they establish no ground for reversal of either conviction.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED OCTOBER 14, 1983 —
REHEARING DENIED OCTOBER 26, 1983 —

*Jack Dorsey,* for appellants.
*William A. Foster III, District Attorney, Jeff Ballew, Assistant District Attorney,* for appellee.