## A91A0262. JEWELL v. STATE OF GEORGIA.
(407 SE2d 763)

BANKE, Presiding Judge.

The state filed this action pursuant to OCGA § 16-13-49 (e), seeking to condemn $4,310 in United States currency which had been seized from the appellant's person, as well as an A-K 47 automatic rifle and a Browning 9mm pistol which had been seized from his residence. Following a non-jury trial, the court below concluded that the $4,310 was subject to forfeiture because it was intended to be used to purchase a controlled substance and that the weapons were subject to forfeiture because they "had been used and were intended for use to facilitate the unlawful manufacture, distribution, dispensing, or possession of a controlled substance or marijuana." The appellant brings this appeal from the denial of his motion for new trial.

A warrant for the search of the appellant's residence was obtained by special agent Del Thomasson of the Georgia Bureau of Investigation on January 17, 1990, based on information that the appellant was selling controlled substances from the residence. Agent Thomasson's affidavit specified that on the previous day, January 16, 1990, a confidential informant had advised that the appellant would be receiving a large quantity of prescription pills that same afternoon from an individual named Steve Farrow. At the hearing on the condemnation petition, it was shown that Farrow and another individual by the name of Clay Moreland had been stopped by the Georgia State Patrol on January 16, 1990, while en route to the appellant's residence, and that 1,300 pills representing 37 different prescription drugs had been seized from the vehicle they were occupying. It was further shown that Moreland was present at the appellant's residence at the time the search warrant was executed and that a Valium pill was found in his possession at that time.

The weapons sought to be condemned by the state were discovered, fully loaded, in the appellant's bedroom. In addition, small quantities of marijuana were seized from inside a bag of feed grain in

the kitchen and from a "rolling tray" in the living room. Also seized were several items characterized by the state's witnesses as drug paraphernalia, a "High Times" magazine article containing photographs of 40 different varieties of marijuana which were described therein as the "Fortune 500 of dope," and an item of correspondence directed to the appellant requesting him to provide a price quote for "pot" or to send "¼ oz. itself." The appellant was not at the residence when the search was conducted but was detained at an intersection approximately a mile-and-a-half away. The $4,310 in currency which the state sought to condemn was seized from his person at that time. *Held*:

1. The appellant contends that the trial court erred in failing to make findings of fact and conclusions of law as required by OCGA § 9-11-52. This enumeration of error is without merit for two reasons. In the first place, the appellant did not object to the sufficiency of the court's judgment on this ground. "When findings or conclusions are not made prior to judgment to the extent necessary for review, failure of the losing party to move therefor after judgment shall constitute a waiver of any ground of appeal which requires consideration thereof." OCGA § 9-11-52 (c). Secondly, a review of the trial court's order reveals that such findings and conclusions are in fact contained therein.

2. The appellant contends that the trial court erred in refusing to dismiss the action based on the failure of the district attorney to prove that he had filed the condemnation petition within 30 days after receiving notice of the seizures, as required by OCGA § 16-13-49 (e). This enumeration of error is also without merit. The condemnation petition, which was filed on Monday, February 26, 1990, contains the verified averment of the district attorney that he had received notice of the seizures on January 26, 1990. The appellant's counsel accepted this date for purposes of his motion to dismiss, stating: "I believe the evidence is that the state was notified on January the 26th and that the condemnation action was filed on February the 26th." Thus, the appellant has waived any contention that the district attorney received constructive notice of the seizures at an earlier date.

Because February 26, 1990, fell on a Monday, the passage of 31 days between the date of the notice and the date of the filing of the petition did not render the filing untimely. OCGA § 1-3-1 (d) (3) specifies that "[e]xcept as otherwise provided by time period computations specifically applying to other laws, when [a period of days] is prescribed for the exercise of any privilege or the discharge of any duty . . . if the last day falls on Saturday or Sunday, the party having such privilege or duty shall have through the following Monday to exercise the privilege or to discharge the duty."

We reject the appellant's contention that this rule was inapplica-

ble to the present case because condemnations are special statutory proceedings which are not governed by the Civil Practice Act. Although Rule 6 (a) of the Civil Practice Act, OCGA § 9-11-6 (a), specifies that the computational rules contained in OCGA § 1-3-1 (d) (3) shall be applicable to cases governed by the CPA, the latter Code section clearly has force and effect in its own right. Furthermore, we note that to the extent the appellant's argument in this regard is premised on the assumption that the present proceeding was *not* governed by the Civil Practice Act, it conflicts with his argument, discussed in Division 1, supra, that the trial court was required to make findings of fact and conclusions of law pursuant to OCGA § 9-11-52.

3. In a supplemental brief filed well after the deadline for filing his original brief and enumeration of errors, the appellant asserts, for the first time in this appeal, that the trial court further erred in denying his motion to dismiss because the state failed to prove that the money and weapons in question had any connection to criminal activity involving controlled substances. Issues not argued and supported with citation of authority in the original brief cannot be "resurrected from abandonment" by a supplemental brief. See *Georgia Bldg. Svcs. v. Perry*, 193 Ga. App. 288 (6), 298-299 (387 SE2d 898) (1989); *Bicknell v. Joyce Sportswear Co.*, 173 Ga. App. 897, 898 (3) (328 SE2d 564) (1985). See also *Cohran v. Carlin*, 254 Ga. 580, 584 (1b) (331 SE2d 523) (1985). Accordingly, this issue is deemed waived.

*Judgment affirmed. Carley and Beasley, JJ., concur.*

DECIDED MAY 28, 1991 —
REHEARING DENIED JUNE 27, 1991.

*Bruce & Hentz, Wm. Davis Hentz,* for appellant.
*Ralph Van Pelt, District Attorney, Ronald M. Adams, Assistant District Attorney,* for appellee.