## A93A1925. SAWYERS v. THE STATE.
### (440 SE2d 256)

COOPER, Judge.

Defendant appeals from his conviction of robbery and the denial of his motion for new trial.

The evidence adduced at trial showed that on the evening of October 25, 1990, at approximately 9:45 p.m., the victim was returning from a shopping trip at Lenox Square Mall and pulled her car into a parking space close to her apartment building. A man approached as she walked toward her building and demanded that she hand over her purse. When the victim resisted, the assailant placed her in a choke-hold and dragged her to a corner of the building. The victim struggled and screamed for help. The assailant held a knife or some other object against her throat. An apartment maintenance man ran over, and the assailant claimed he was having an argument with his girl friend. The victim managed to get away and ran to the landing of her building which was well-lit. The assailant and the maintenance man followed, and the three of them stood in the landing staring at each other for several moments. The maintenance man suggested that the assailant leave, and the assailant eventually grabbed the victim's purse and ran away.

The victim described the assailant to police as a young well-groomed black male with short hair and a thin mustache, wearing a brown sweater and brown corduroy pants. The maintenance man gave essentially the same description although he also recalled the assailant wearing wire-rimmed glasses and an earring. Approximately 30 minutes after the robbery, police found a man matching the description in the next block and returned to the victim's apartment with the man, who was subsequently identified as defendant. Both the victim and the maintenance man separately identified the defendant as the assailant. They also both identified defendant at trial as the assailant. Defendant denied committing the robbery, contending he had been the victim of a robbery that same evening.

1. Defendant contends the trial court erred in denying his motion to suppress the out-of-court identification because it was unduly suggestive. "Pre-indictment confrontations should be scrutinized to determine if they are unnecessarily suggestive and conducive to irreparable mistaken identification. The totality of the circumstances must be viewed to determine if there is a likelihood of misidentification which offends against due process and the factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, [and] the level of certainty demonstrated by the witness at the confrontation." (Citations and punctuation omitted.)

*Allen v. State*, 203 Ga. App. 851, 852 (418 SE2d 125) (1992). Defendant was apprehended near the robbery scene approximately 30 minutes after it occurred. He was positively identified by both the victim and the witness who had ample opportunity to view him at the time of the robbery in a well-lighted area. Although defendant was shirtless and not wearing glasses at the time he was apprehended, both the victim and the witness otherwise gave accurate descriptions of appellant to police. Under the totality of the circumstances, we find no substantial likelihood of misidentification in this case, and the trial court did not err in denying the motion to suppress.

2. Defendant asserts the trial court erred in admitting as a similar transaction evidence of a prior conviction for a robbery committed in 1985. Specifically, defendant contends the State failed to prove there were sufficient similarities between the previous robbery and the instant offense. At trial, a young woman testified that on January 17, 1985, at approximately 9:45 p.m., she was walking alone towards her car at Lenox Square Mall when she was approached by the defendant who pressed something against her back and demanded that she hand over her purse. The woman did not resist and handed over her purse. The State further introduced evidence that defendant had pled guilty and was convicted of that robbery in May 1985.

In order for evidence of a similar offense to be admissible, there must be, inter alia, "sufficient similarity or connection between the independent crime (or transaction) and the offense charged." (Citation and punctuation omitted.) *Guyton v. State*, 206 Ga. App. 145, 146 (1) (424 SE2d 87) (1992). Both incidents involved females leaving Lenox Square Mall alone at closing time and being approached by the defendant who may have had a weapon and demanded that the women hand over their purses. We find sufficient similarity between the prior offense and the crime charged. Accordingly, the trial court did not abuse its discretion in admitting evidence of the 1985 robbery as a similar transaction.

3. Defendant also contends the trial court erred in refusing to allow an expert witness to testify concerning potential inaccuracies in eyewitness identification. "The law generally disallows expert testimony regarding inaccuracies in eyewitness identification." (Citation omitted.) *Henderson v. State*, 200 Ga. App. 200, 202 (4) (407 SE2d 448) (1991). "The determination of a witness' credibility, including the accuracy of eyewitness identification, is within the exclusive province of the jury." (Citation omitted.) *Norris v. State*, 258 Ga. 889 (1) (376 SE2d 653) (1989). The trial court did not err in excluding expert testimony on this issue.

4. Defendant alleges he was denied due process because the prosecutor conducted an improper inflammatory cross-examination of him. Defendant does not set out in his brief the specific instances of

the prosecutor's alleged misconduct. In any event, our review of the record reveals that the prosecutor simply conducted a thorough and sifting cross-examination of defendant. See OCGA § 24-9-64; *Brantley v. State*, 262 Ga. 786 (8) (427 SE2d 758) (1993).

5. Defendant next takes issue with the trial court's instructions to the jury that should they find defendant guilty beyond a reasonable doubt of the offenses charged, "it would be [their] duty to convict." Defendant contends it was reversible error to give such a charge because it may have confused the jury as to the definition of reasonable doubt. The Supreme Court considered an identical charge in *Sutton v. State*, 262 Ga. 181 (2) (415 SE2d 627) (1992), wherein it found no reversible error, but suggested that the better practice would be to advise the jury that they " 'would be authorized to find the defendant guilty.' " Id. at 181 (2). The holding of *Sutton* also applies in this case. See *Taylor v. State*, 262 Ga. 584 (2b) (422 SE2d 430) (1992). Accordingly, we find no reversible error.

6. Defendant finally contends the trial court erred in denying his motion for new trial because the evidence was insufficient to support a guilty verdict. As related above, the evidence presented at trial was sufficient to allow rational jurors to find defendant guilty of robbery beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Beasley, P. J., and Smith, J., concur.*

DECIDED JANUARY 13, 1994.

*Suparna Malempati*, for appellant.

*Lewis R. Slaton, District Attorney, Rebecca A. Keel, Assistant District Attorney*, for appellee.