## A99A0260. ANDERSON v. THE STATE.
### (515 SE2d 195)

BLACKBURN, Judge.

Defendant Orpheus Anderson appeals his conviction of two counts (3 and 4) of child molestation, following a jury trial, contending that the evidence was insufficient to support the verdict and that his trial counsel was ineffective. The trial court directed a verdict as to Count 2, and the jury found the defendant not guilty as to Count 1 of the four-count indictment. We affirm.

1.

> On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the appellant (defendant here) no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Conflicts in the testimony of the witnesses, including the State's witnesses, are a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld.

(Punctuation omitted.) *Mangham v. State*, 234 Ga. App. 567 (507 SE2d 806) (1998).

The evidence reveals that when Anderson went to Gail Tukes' house for the purpose of buying a drink, he brought his five-year-old niece along with him. Two witnesses testified that Anderson took his niece into the bathroom, where he kept her for close to an hour. Tukes testified that she had to knock on the door to get them to come out of the bathroom. When they did come out, she thought it was strange that she did not hear a toilet flush, and she smelled an odor which she associated with sex. Upon exiting the bathroom, the victim threw up what appeared to be "semen from a man's ejaculation." Tukes took the victim back into the bathroom where the victim con-

fided that Anderson "put his ding-a-ling" in her mouth. Tukes testified that the victim's clothes were disarrayed and that Anderson's pants were partially unzipped revealing his erect penis.

The examining physician testified that the victim told her that Anderson had "touched [her] pee-pee," and that she saw his "pee-pee." The physician stated that the victim's vaginal area and inner thigh were red and that she found a secretion on the victim's inner thigh. Although the physician testified that the redness on the victim's thigh was consistent with problems other than sexual abuse, she determined that the redness combined with the secretions were consistent with some sort of sexual abuse.

Anderson testified that he did not put his penis in the victim's mouth or touch her in any sexual way. He stated that he was in the bathroom with the victim for 15 or 20 minutes while she used the toilet. He did not recall the victim becoming sick or vomiting. Anderson was charged and convicted under Count 3 of the indictment of placing his penis on the vagina and inner thigh of the victim. He was charged and convicted under Count 4 of the indictment of placing his penis on the vagina of the victim.

> Despite [Anderson's] unequivocal denial that he committed the [molestation], the jury was authorized to find him guilty. It is well settled that it is the prerogative of the jury to accept the defendant's statement as a whole, or to reject it as a whole, to believe it in part, or disbelieve it in part. In the exercise of this discretion they are unlimited.

(Punctuation omitted.) *Cooper v. State*, 232 Ga. App. 461, 462-463 (1) (502 SE2d 306) (1998).

The evidence here meets the standard of *Jackson v. Virginia*, supra. A rational trier of fact could have found Anderson guilty beyond a reasonable doubt of child molestation as charged in Counts 3 and 4 of the indictment.

2. In his second enumeration of error, Anderson contends that his trial counsel was ineffective in failing to object to witnesses' opinions and improper testimony.

> To be successful with [his] claims of ineffectiveness of trial counsel, [Anderson] must demonstrate that [his] attorney's performance was deficient and that the deficiency prejudiced [his] defense. [He] must overcome the strong presumption that counsel's performance was within a wide range of professional conduct and that counsel's decisions were the result of reasonable professional judgment, the reasonableness of which is viewed at the time of trial and

under the particular circumstances of the case. *Berry v. State*, 267 Ga. 476, 479 (4) (480 SE2d 32) (1997); *Roland v. State,* 266 Ga. 545, 546 (2) (468 SE2d 378) (1996), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). [Anderson] does not meet [his] burden.

*Bagwell v. State*, 270 Ga. 175, 176-177 (1) (508 SE2d 385) (1998).

Anderson contends that his trial counsel was ineffective because he failed to object when a witness testified that at the scene Anderson denied abusing the child but that in the witness's "opinion" he believed that Anderson had. Anderson's trial counsel testified at the hearing on Anderson's motion for new trial that he was "about half-way out of [his] seat" to object when the prosecutor interrupted the witness and redirected him. In fact, the prosecutor stated: "Well, despite what your opinion is, please tell us what you saw that night." Trial counsel determined that he did not want to put more emphasis on the testimony by objecting, especially considering that the prosecutor immediately redirected the witness. Trial counsel further stated that the actions of the witnesses on the night of the incident indicated that they thought Anderson had done something wrong to the victim so that the witness's testimony regarding his opinion added little. Trial counsel's testimony indicated that his decision not to object was the result of his reasonable professional judgment.

Anderson also contends that his trial counsel was ineffective for failing to object when a witness testified that the event was difficult to talk about because he loved children. Anderson asserts that such testimony was irrelevant and served to bolster the witness's testimony. Trial counsel testified that the witness "appeared to be overcome with emotion and having a hard time telling what happened. And it just didn't strike me as authentic and certainly not something strategically that I would object to." Trial counsel further testified that he did not believe the jury was buying the show of emotion or that it was helpful to the State. Therefore, trial counsel's failure to object was a strategic decision.

"The trial court's determination that an accused has not been denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous." (Punctuation omitted.) *Binion v. State*, 222 Ga. App. 333, 334 (1) (474 SE2d 208) (1996). In the present case, trial counsel's testimony is uncontroverted that the errors complained of by Anderson were strategic decisions and not the result of ineffective assistance of counsel.

*Judgment affirmed. Beasley, P. J., and Barnes, J., concur.*

DECIDED MARCH 30, 1999 — 

*Mark R. Gaffney*, for appellant.

*J. Tom Morgan, District Attorney, Robert M. Coker, Assistant District Attorney*, for appellee.