## A00A1047. HOLLOWAY v. THE STATE.
### (537 SE2d 708)

JOHNSON, Chief Judge.

Michael Holloway appeals from his convictions for aggravated assault and armed robbery. The crimes, involving two different victims, occurred on the same day and in the same area. Holloway alleges the evidence was insufficient to support the jury verdict, that he was denied effective assistance of counsel, and that the trial court erred in failing to suppress statements allegedly made by him.

Viewed in a light most favorable to support the jury's verdict, the evidence shows that the victim of the aggravated assault was returning to his van after making a bank deposit when Holloway approached him and asked if he had dropped a phone card. The victim responded that he did not drop a phone card and started to get in the van when Holloway attacked him with a stun gun. The victim escaped, and Holloway walked into a wooded area behind the bank. When shown a photographic lineup, the victim identified Holloway as his attacker.

The victim of the armed robbery testified that she cashed a check at the same bank on the same day and drove into the parking lot of a pharmacy located directly across the street from the bank. As she walked from her car to the pharmacy, she was approached by a white male who pulled a pistol, told her it was a robbery, and forced her to return to her car. The victim took $200 from her purse and gave it to the robber, who then walked away on a dirt road behind the phar-

macy. The victim was unable to identify the robber.

A clerk at the pharmacy saw a man pull into the parking lot in a car, get out, lean against his car, and look across the street toward the bank. She became suspicious when the man did not enter the pharmacy building or the insurance company next door. She wrote down the car's tag number. She then saw the man walk toward the bank, lean against a truck in the bank parking lot, return to his car, and drive off. Holloway's palm print was found on the truck in the area described by the clerk. A few minutes later, she saw the woman who was the victim of the armed robbery drive into the pharmacy parking lot. She observed the same man talking with this woman, saw him lean into her car, stand back up with money in his hand, and then walk away. The clerk yelled at the man to stop bothering customers, and he ran. The clerk then learned that the woman had been robbed.

The clerk gave police a detailed description of the robber's physical features and clothing, but later was unable to identify him. However, the tag number she had taken down was registered to Holloway.

1. Holloway first contends the evidence was insufficient to support his conviction of aggravated assault because there is a substantial likelihood that the first victim misidentified him. However, the evidence clearly shows that the first victim positively identified Holloway as his attacker. Any questions regarding the victim's credibility, including the accuracy of his identification, were questions of fact for the jury to resolve, not this Court.[1] Applying the standard announced in *Jackson v. Virginia*,[2] the evidence was sufficient for a rational trier of fact to find Holloway guilty beyond a reasonable doubt of the aggravated assault on the first victim.[3]

Holloway also contends the evidence was insufficient to support his conviction for armed robbery of the second victim because, he claims, neither the second victim nor the pharmacy clerk identified him as the assailant, and there was no direct evidence linking him to the crime. However, there was overwhelming direct and circumstantial evidence linking Holloway to the crime, including the clerk's testimony, the victim's testimony, the tag number taken down by the clerk, and the palm print found on the truck where the assailant leaned. Moreover, an investigator testified that Holloway told him, upon being arrested, "he [knew] how he got caught; that the lady at the pharmacy got his tag number." This evidence was sufficient to

---

[1] *Ferguson v. State*, 232 Ga. App. 616 (502 SE2d 556) (1998); *Sawyers v. State*, 211 Ga. App. 668, 669 (3) (440 SE2d 256) (1994).

[2] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *Ferguson*, supra; *Sawyers*, supra.

justify Holloway's conviction for armed robbery.[4]

2. Holloway contends he was denied effective assistance of counsel. The record shows that trial counsel in the present case has been an attorney for 13 years, has handled over 1,000 felony cases, and has conducted between 70-80 trials. The trial court, based on the record, arguments of counsel, and the law, found Holloway's trial counsel "to have rendered effective assistance of counsel in his representation of his client at trial." A trial court's determination that an accused has not been denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous.[5] We find no such error in the present case.

(a) In his original appellate brief, Holloway's sole argument regarding ineffectiveness of counsel consists of his trial counsel's failure to contact and interview several alibi witnesses. At the hearing on Holloway's motion for new trial, trial counsel testified that he was given the name of one alibi witness, Holloway's girlfriend, but elected not to call her after extensively conferring with her because she had no direct recollection about the events. Trial counsel denied he was given the name of any other alibi witness. Holloway failed to produce any of these alleged alibi witnesses and failed to make any showing of the substance of the testimony of any uncalled witness. Without any such evidence in the record, it is impossible for this Court to conclude that any witnesses who were not called would have given testimony favorable to Holloway and that the result of the proceedings would have been affected.[6]

(b) In his supplemental brief, a verbatim typed version of a handwritten brief prepared by Holloway and filed at his express request, Holloway states another 11 allegations supporting his claim of ineffective assistance of counsel. This brief was filed nearly two months after the state's brief was filed, and it raises arguments not raised in Holloway's original brief; thus, it does not satisfy the requirements of a reply brief.[7] Moreover, since Holloway failed to request leave of this Court to file a supplemental brief, the brief does not satisfy the requirements of Court of Appeals Rule 24. We have nonetheless reviewed the additional arguments regarding ineffective assistance of counsel[8] and have determined that Holloway's argu-

---

[4] *Hindman v. State*, 234 Ga. App. 758, 762 (1) (507 SE2d 862) (1998).

[5] *Anderson v. State*, 237 Ga. App. 382, 384 (2) (515 SE2d 195) (1999).

[6] *Champion v. State*, 238 Ga. App. 48, 49 (1) (a) (517 SE2d 595) (1999); *Letson v. State*, 236 Ga. App. 340, 341 (2) (512 SE2d 55) (1999).

[7] See Court of Appeals Rule 26 (c); *Williams v. State*, 168 Ga. App. 614, 615 (4) (309 SE2d 856) (1983).

[8] We have not reviewed Holloway's supplemental arguments regarding trial court errors since these arguments were not raised in either Holloway's enumeration of errors or his original brief.

ments lack merit.

Holloway's arguments that trial counsel failed to adequately investigate and prepare for trial and failed to "meet the case of prosecution" are belied by the transcript of his motion for new trial hearing and the trial transcript. Trial counsel testified that he "spent a lot of time" reading the discovery material and that the preliminary hearing showed the strength of the evidence against Holloway. Trial counsel testified that he felt he was prepared: "I knew what all the testimony was going to be, and I had reviewed the discovery, and I had, you know, I just didn't think there was anywhere to go with the case." He "practically begged" Holloway to take a favorable plea offer since the evidence was so strong and Holloway was in such jeopardy with the "two strikes and you're out" law. Nonetheless, the trial transcript shows that trial counsel presented an adequate defense given the facts of the case.

As for Holloway's conclusory statement that trial counsel "was completely unaware of Investigator K. Lynch," Holloway has failed to provide any evidence supporting this allegation, and trial counsel stated he read the discovery material and knew what all the testimony was going to be.

Holloway's argument that trial counsel failed to obtain exculpatory material is likewise unsupported by any showing of how Holloway's medical records would have provided exculpatory evidence and would have affected the result of the proceedings.

Holloway also asserts that trial counsel was ineffective for failing to object "at many junctures." However his supplemental brief only states one question to which trial counsel failed to object. This question is not referenced by a citation to the record, and we are not obligated to cull the record to look for error. In addition, Holloway does not indicate how the question was improper or prejudicial.

Holloway's argument that trial counsel was ineffective for failing to request a charge on a stun gun also lacks merit. Holloway does not provide this Court with any indication regarding what the jury should have been charged or a showing that such a charge was warranted and that such a charge would have affected the outcome of the trial.

Holloway's argument regarding trial counsel's erroneous introduction of an exhibit is unsupported by any citation of evidence. Moreover, this alleged error is more properly analyzed as trial tactics and strategy. The use of Holloway's lineup photo for the legitimate purpose of cross-examination is not any evidence that trial counsel's conduct fell below that standard of reasonably effective assistance

which members of the bar in good standing are presumed to render.[9]

Holloway's assertion that trial counsel was ineffective for failing to request the appointment of a medical expert is unsupported by the evidence and lacks any citation of authority. In addition, Holloway fails to show what evidence any such medical expert may have presented which would have affected the outcome of the trial.

As for Holloway's arguments that trial counsel failed to secure a hearing on any pretrial motions and failed to file necessary pretrial motions, trial counsel testified,

> most all the motions were discovery motions, and the State fully complied with all of those, including the list of witnesses, scientific reports, any exculpatory evidence, as far as I — I couldn't see that there was anything that they did not supply me with. In going back to the — I did file a preliminary motion to suppress as I do in most all these cases. And I just didn't see anything that was really — anything that had any — that wasn't frivolous. So I didn't want to have a frivolous hearing and waste the Court's time.

Holloway has failed to meet his burden of showing that trial counsel was ineffective in failing to secure a hearing on any motion or in failing to file any particular motion. Holloway's argument that trial counsel should have filed a motion to sever lacks merit. Trial counsel testified that he chose not to move for a severance because both offenses occurred on the same day, in the same vicinity, and were basically part of the same incident. He believed the motion was frivolous. Furthermore, Holloway has failed to show that there is any reasonable probability that the verdict would have been different had he been tried separately.[10]

Holloway's remaining allegations of ineffectiveness consist of a one-paragraph assertion that trial counsel (1) failed to object to the introduction of evidence and testimony (although no specific evidence and testimony are noted) and (2) revealed a conflict of interest (although what conflict he means is not mentioned). Based on the foregoing, the trial court correctly denied Holloway's motion for a new trial on the ground of ineffective assistance of counsel.

3. The trial court held a *Jackson-Denno*[11] hearing to determine the admissibility of Holloway's in-custody statements. At the hearing, the state produced evidence from the arresting officers which would authorize a finding that Holloway either made the statements

---

[9] *Shaw v. State*, 211 Ga. App. 647, 649 (2) (440 SE2d 245) (1994).

[10] *Kelly v. State*, 267 Ga. 252, 253 (2) (477 SE2d 110) (1996).

[11] *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

spontaneously without prompting by the officers or made them freely and voluntarily after receiving and waiving his rights. Holloway urges that the officers lacked credibility and that he made no statements. Accordingly, the trial court was called upon to make a credibility determination. Finding the arresting officers' testimony more credible, the trial court admitted Holloway's statements.

"Unless clearly erroneous, a trial court's findings as to factual determinations and credibility relating to the admissibility of a confession will be upheld on appeal."[12] Based upon a review of the transcript of the *Jackson-Denno* hearing, there was no error in the trial court's determination that Holloway's statements were admissible into evidence.[13]

4. In his supplemental brief, Holloway raises a number of alleged errors not raised in his enumeration of errors or in his original appellate brief. He argues that the trial court erred in taking on a prosecutorial role throughout the trial, that the *Jackson-Denno* hearing was not properly handled, that the court erred in its aggravated assault charge to the jury, and that the state's comments, questions, and arguments violated the "plain error doctrine." Attempts in a supplemental brief to expand the issues beyond the scope of the enumeration of errors are improper.[14] Moreover, a review of each of these arguments, to the extent possible based on the lack of record citations, reveals that the arguments lack merit.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED JULY 21, 2000 —
RECONSIDERATION DENIED AUGUST 10, 2000 

*Ellis R. Garnett*, for appellant.
Michael D. Holloway, *pro se*.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.

---

[12] (Citations and punctuation omitted.) *Scott v. State*, 240 Ga. App. 50, 51 (2) (522 SE2d 535) (1999).

[13] *Warbington v. State*, 267 Ga. 462, 463 (3) (479 SE2d 733) (1997).

[14] See *In re Harvey*, 219 Ga. App. 76, 79 (464 SE2d 34) (1995); *Jewell v. State of Ga.*, 200 Ga. App. 203, 205 (3) (407 SE2d 763) (1991).