### A01A2206. MICHEL et al. v. ABRAHAMS.
(562 SE2d 194)

BARNES, Judge.

Brian Abrahams filed a dispossessory action against Stanley Michel, Mimch, Inc. d/b/a Gooch Transfer, and Mireille Michel, contending that the defendants were tenants at sufferance and owed rent, a termination fee, interest, and attorney fees. The defendants answered, denying they were tenants because they had terminated the landlord-tenant relationship and denying they owed money to Abrahams, the landlord. They also counterclaimed for reimbursement of money spent on repairs.

Both parties moved for summary judgment, which the trial court granted to the landlord and denied to the tenants. Stanley Michel and Mimch, Inc. ("the tenants") appeal, but because Mireille Michel has not appealed the trial court's grant of summary judgment against her, we consider only the grant of summary judgment against the tenants.[1] For the reasons that follow, we reverse the

---

[1] The May 30, 2001 notice of appeal, signed by the "Attorney for Stanley Michel and GOOCH," specifies that "defendants, Stanley Michel and GOOCH" request that the case be sent to the Court of Appeals. The June 4, 2001 amended notice of appeal states that "defend-

grant of summary judgment against Stanley Michel and Mimch, Inc.

1. While we granted the tenants leave to file a supplemental brief in addition to a reply brief, the "supplemental" brief they filed is a complete revision of their initial appellants' brief, to which the landlord has had no opportunity to respond. "Attempts in a supplemental brief to expand the issues beyond the scope of the enumeration of errors are improper." *Holloway v. State*, 245 Ga. App. 510, 515 (4) (537 SE2d 708) (2000). Therefore, we will consider only the initial tenants' brief, the landlord's brief, and the tenants' reply brief.

2. Initially, we note that the tenants' argument does not track the ten enumerations of error in their brief. The enumerations basically allege that the trial court erred in construing the terms of the lease as applied to the facts in this case, which we will address below. One enumeration, however, addresses a different issue. The tenants contend the trial court "misapplied the law as found in *Cannon v. Whiddon*, 194 Ga. 417 (21 SE2d 850) (1942) and elsewhere, as to a money judgment against a party who was not served with process."

While this contention is not further argued in the appellants' initial brief, the appellants do argue in their reply brief that, "While the appellants are Stanley Michel and his company, the decision will apply to all named parties in the lawsuit." They further argue that "judgment against Michel's spouse, Mireille Michel, . . . de facto would be a judgment against Michel. In any event, the Michels jointly signed a lease," and again assert that the trial court impermissibly ruled against Mireille Michel although she had not been served. The appellants seem to be arguing the merits of the trial court's finding that defense counsel answered on behalf of all three defendants without including a defense of insufficiency of service. The trial court further held that Mireille Michel's failure to respond to requests for admissions entitled the landlord to a summary judgment against her. Because Mireille Michel is not a party to this appeal, however, we cannot review the trial court's grant of summary judgment against her.

3. The landlord argues that the tenants admitted facts in their answer and counterclaim that showed they terminated the lease and that these admissions were binding. In their answer to the landlord's complaint, the tenants asserted the following: "Defendants are not tenants of the plaintiff. Defendants did experience an oppressive landlord-tenant relationship with plaintiff at certain premises owned by plaintiff, but that relationship was heretofore terminated after due notice to plaintiff and after acknowledgment of said notice by

---

ants" are dissatisfied with the trial court's judgment and is again signed by the "Attorney for Stanley Michel and GOOCH."

plaintiff." In their counterclaim, the tenants further asserted that "[d]ue to inequitable and abusive conduct by [the landlord], plaintiffs-in-counterclaim gave due notice and vacated the premises in September 2000."

Under OCGA § 24-3-30, "either party may avail himself of allegations or admissions made in the pleadings of the other." However, if the trial court admits conflicting evidence and then considers it in ruling on a motion for summary judgment, the trial court has, in effect, permitted the party to withdraw the admission in the pleadings. *Walker v. Jack Eckerd Corp.*, 209 Ga. App. 517, 519-520 (1) (434 SE2d 63) (1993). In this case, the trial court apparently considered the affidavits that contradict the tenants' admissions because it recites facts (the tenants sent a September rent check) and contentions (the tenants were evicted when they were served with an eviction notice) contained therein. Therefore the tenants' admissions in their answer and counterclaim do not establish their liability as a matter of law under the termination clause of the lease.

4. The tenants' remaining enumerations of error address the trial court's finding that the landlord was entitled to summary judgment against Stanley Michel and Mimch, Inc. On appeal from the grant of summary judgment, this Court conducts a de novo review of the record, construing the evidence and all inferences therefrom in favor of the nonmoving party. *Maddox v. Southern Engineering Co.*, 231 Ga. App. 802-803 (500 SE2d 591) (1998). Further, "[i]f it is not apparent that the trial court relied on an erroneous legal theory, its grant of summary judgment is to be affirmed if it is right for any reason." *Porquez v. Washington*, 268 Ga. 649, 652 (3) (492 SE2d 665) (1997).

Viewed in this light, the record shows that the landlord rented a commercial building to the Michels and Mimch, Inc. d/b/a Gooch Transfer. The lease included the following special stipulation:

Lessee shall have the right to terminate this Lease at any time if he is not in default, provided that he give Lessor at least sixty (60) days prior written notice of such intent to terminate and further provided that he pay to Lessor, at the time he gives notice of intent to terminate, an amount equal to two (2) months additional rent, so that Lessee shall be at least two (2) months ahead in rental payments at the end of the sixty (60) day notice period. Lessee shall vacate the premises on or before the end of the sixty (60) day notice period or the lease shall not terminate as provided herein. Lessor shall have the right to terminate this lease at any time, provided that he give Lessee at least sixty (60) days prior written notice of such intent.

On June 24, 2000, the tenants faxed the landlord a letter constituting the tenants' "Notice to Quit [the property] by Mr. Stanley Michel, MIMCH, Inc. and all related entities, at the expiration of 60 days from the date hereof, . . . and to deliver peaceable possession of said premises to you." The landlord responded on July 5, 2000, acknowledging receipt of the intention to vacate and reminding the tenants that the lease provided for two additional months rent.

The tenants did not vacate the premises 60 days after their notice. On September 1, 2000, the landlord demanded possession of the property, and on September 3, the tenants tendered to the landlord a check for the September rent. On September 15, 2000, the landlord filed a dispossessory action, alleging that the defendants were tenants at sufferance and owed rent, a termination fee, interest, and attorney fees. The tenants were served on September 22, 2000, by tacking the summons to the door and mailing copies to the defendants. On September 24, 2000, one of the tenants sent a letter to the landlord informing him that the building had been vacated as of that day and that he had stopped payment on the September rent check because it had not cleared the bank and he assumed the landlord lost it.

The tenants answered the dispossessory action, denying they were tenants because they had terminated the landlord-tenant relationship and denying they owed money to the landlord. They also counterclaimed for reimbursement of money spent on repairs.

Both parties moved for summary judgment, and the trial court concluded that the tenants terminated the lease because they gave the 60-day notice to quit and subsequently left the premises, although they left 24 days late. Under the terms of the contract, the trial court ruled, the tenants therefore were liable for two months rent as provided in the special stipulation, totaling $5,544, 24 days rent at the holdover rate of 150 percent, or $3,326.40, attorney fees of 15 percent, or $1,330.56, and prejudgment interest of $413.95.

The terms of the parties' lease are not ambiguous. The termination provision, which was included in the contract pursuant to the parties' negotiations after the landlord obtained a previous dispossessory writ against the tenants, states that "Lessee shall vacate the premises on or before the end of the sixty (60) day notice period *or the lease shall not terminate as provided herein.*" (Emphasis supplied.) The tenants did not vacate the premises within the stated time, and under its terms, the lease did not terminate. Therefore, the trial court erred in granting summary judgment to the landlord on the ground that Stanley Michel and Mimch, Inc. terminated the lease.

*Judgment reversed. Smith, P. J., and Phipps, J., concur.*

DECIDED FEBRUARY 22, 2002 —
RECONSIDERATION DENIED MARCH 19, 2002 —

*Louie B. Hendricks*, for appellants.
*Thompson, O'Brien, Kemp & Nasuti, John P. O'Brien, Paul B. Frickey*, for appellee.