A04A2027. BLOCKUM v. FIELDALE FARMS CORPORATION.
(610 SE2d 82)

MIKELL, Judge.

This is the second appearance of this case before this Court. Previously, we affirmed without opinion the trial court's grant of summary judgment to Fieldale Farms, a poultry integrator, on Victor Blockum's multicount complaint alleging Fieldale had illegally terminated its contract with him to grow poultry.[1] The Supreme Court granted certiorari and reversed our judgment as to Blockum's claims of breach of written contract, tortious interference with contract, intentional infliction of emotional distress, and racial discrimination pursuant to 42 USC §§ 1981 and 1982.[2] The case proceeded to trial on those claims as well as on the issue of punitive damages. The jury

---

[1] 251 Ga. App. XXV (September 18, 2001).

[2] *Blockum v. Fieldale Farms Corp.*, 275 Ga. 798 (573 SE2d 36) (2002).

returned a defense verdict on all claims except intentional infliction of emotional distress, for which it awarded Blockum $42,500. Fieldale moved for judgment notwithstanding the verdict (j.n.o.v.) on the emotional distress claim, and Blockum moved for a new trial. At the hearing held on the motions, Blockum withdrew his motion and announced that he had discharged his attorneys. Nevertheless, the trial court considered Blockum's motion for new trial and denied it. The court also granted Fieldale's motion for j.n.o.v. Blockum filed the instant appeal pro se. We affirm.

1. This appeal was docketed on June 18, 2004. Blockum was granted two extensions of time totaling thirty-nine days in which to file his appellate brief. However, the brief which he ultimately filed fails to comply with OCGA § 5-6-40 and Court of Appeals Rules 22 (a) and 25 (a) (2), all of which require an appellant to file an enumeration of errors.

> In order for a Georgia appellate court to review a trial court ruling for legal error, a party must set forth in the enumeration of errors the allegedly erroneous ruling. OCGA § 5-6-40. The appellate court is precluded from reviewing the propriety of a lower court's ruling if the ruling is not contained in the enumeration of errors.[3]

Fieldale timely filed its brief on September 7. Blockum was granted an extension of time in which to file a reply brief, and he did so on October 14. On that date Blockum also filed a "Motion to File Correct Brief." The "correct" brief submitted contemporaneously with the motion is a complete revision of his initial brief. While a supplemental brief may be filed with this Court's permission pursuant to Court of Appeals Rule 24, the issues may not be expanded beyond those identified in the enumeration of errors because the appellee has no opportunity to respond thereto.[4] Therefore, we may not consider the supplemental brief, and Blockum's motion is denied.

Normally, the failure to file an enumeration of errors requires dismissal of the appeal.[5] However, in light of the procedural history of this case, we will address Blockum's arguments, insofar as we are able to ascertain them from his initial brief and his reply brief.

---

[3] (Citation omitted.) *Felix v. State*, 271 Ga. 534, 539 (523 SE2d 1) (1999).

[4] *Michel v. Abrahams*, 254 Ga. App. 293, 294 (1) (562 SE2d 194) (2002), citing *Holloway v. State*, 245 Ga. App. 510, 515 (4) (537 SE2d 708) (2000) ("Attempts in a supplemental brief to expand the issues beyond the scope of the enumeration of errors are improper.").

[5] *Miles v. Emmons*, 234 Ga. App. 487 (507 SE2d 762) (1998) ("[t]his Court and the Supreme Court of Georgia have made clear that failure to file an enumeration of errors requires dismissal of an appeal") (citations omitted). Accord *Strom v. London*, 257 Ga. App. 889 (572 SE2d 409) (2002).

2. Blockum argues that the trial court erred in its recharge to the jury on punitive damages. During deliberations, the jury asked the court to explain punitive damages. The court gave the same charge it gave originally, except that it instructed the jurors that they could award punitive damages on any one of the first five counts, including breach of contract. Fieldale objected, and the trial court corrected its instruction, telling the jurors that they could award punitive damages for any or all of the other counts (2 through 5) except breach of contract. "It is well settled that punitive damages are not available in breach of contract claims."[6] Thus, the recharge was correct. Moreover, after giving the corrected charge the trial court inquired whether there were any exceptions, and Blockum's attorneys replied that they had no objection. "The right to raise an erroneous charge on appeal may be lost only in certain well-defined instances, as where [plaintiff's] counsel in response to an inquiry by the trial judge plainly states that he has no objections to the charge as given."[7] It follows that any right to assert error in the court's recharge has not been preserved for appellate review. Finally, this issue has been rendered moot by the jury's return of a defense verdict on punitive damages.

3. After further deliberations, the jury sent another note to the court stating: "We are hung on Number 3 and Number 6. We have four for the Plaintiff and eight for the Defendant. No one is willing to change their mind." Count 3 on the verdict form was intentional infliction of emotional distress, and Count 6 was punitive damages. A question was raised as to whether the court had charged the correct burden of proof on the issue of punitive damages. Counsel for both parties asked the court to ascertain whether the jurors had reached a verdict on the remaining counts (1, 2, 4, and 5) so that the court could determine how to recharge them. The court then published the partial verdict with the express consent of the parties. The partial verdict revealed that the jury had found for Fieldale on the remaining counts. After the evening recess, the court decided to give a modified *Allen* charge instead of any further recharge on punitive damages and emotional distress.

Blockum contends on appeal that this procedure invaded the province of the jury and unduly influenced its deliberations. We hold that he has waived this argument by failing to object at trial and by withdrawing his motion for new trial. "A party is not allowed to

---

[6] (Footnote omitted.) *ServiceMaster Co. v. Martin*, 252 Ga. App. 751, 757 (2) (c) (556 SE2d 517) (2001).

[7] (Citation and punctuation omitted.) *Colkitt v. State*, 251 Ga. App. 749, 752 (2) (555 SE2d 121) (2001).

remain silent regarding an objection or grounds for error and gamble on a favorable jury verdict, expecting that he can raise such objection later. . . . Such tactics result in the alleged error being waived."[8]

4. Finally, Blockum contends that the grant of j.n.o.v. on the claim of intentional infliction of emotional distress was error because there was evidence to support the jury's verdict.

"A plaintiff must prove the following elements in order to recover for intentional infliction of emotional distress: (1) intentional or reckless conduct (2) which is extreme and outrageous and (3) caused the emotional distress (4) which is severe."[9] In his reply brief, Blockum asserts that the trial court held as a matter of law that because the jury found that Fieldale did not discriminate against him, breach his contract, or interfere with his lease, then it was impossible for this same conduct to be "outrageous" or "extreme."[10]

The appellate standard of review from the grant of a motion for j.n.o.v. "is whether the evidence, with all reasonable deductions therefrom, demanded a verdict contrary to that returned by the fact-finder."[11] In its order, the trial court correctly stated that a j.n.o.v. cannot be awarded where the evidence is in conflict. The court then concluded that because the jury found for Fieldale on all claims other than emotional distress, there remained no conduct of Fieldale which could rise to the level of extreme and outrageous conduct so as to support a verdict for Blockum on his emotional distress claim.

Consideration of Blockum's argument that the trial court erred in granting j.n.o.v. on his emotional distress claim necessitates a review of the evidence presented to the jury. However, Blockum did not provide a transcript of the testimony of any of his witnesses, stating in his notice of appeal that he could not afford a complete trial transcript.

> The party asserting error on appeal has the burden to show it affirmatively by the record. The appellant has a duty to provide the appellate court with a transcript where an appeal is taken which draws in question the transcript of the evidence and proceedings. This court is a court for the correction of errors and its decision must be made on the

---

[8] (Citations omitted.) *Head v. CSX Transp.*, 259 Ga. App. 396, 397 (577 SE2d 12) (2003).

[9] (Citation omitted.) *Trimble v. Circuit City Stores*, 220 Ga. App. 498, 499 (469 SE2d 776) (1996).

[10] Compare *Phinazee v. Interstate Nationalease*, 237 Ga. App. 39, 41 (514 SE2d 843) (1999) ("in the absence of an improper racial motive, [an employee's] discharge will not give rise to a claim for intentional infliction of emotional distress") (citations omitted).

[11] (Punctuation and footnote omitted.) *Anthony v. Larios*, 256 Ga. App. 248 (568 SE2d 135) (2002).

record sent to this court by the clerk of the court below and not upon the briefs of counsel. An appeal in which a consideration of the enumeration of errors is dependent upon a consideration of the evidence heard by the trial court will be affirmed if a transcript is not included as a part of the appellate record.[12]

As Blockum has failed to sustain his burden of proving error affirmatively by the record, we affirm the judgment.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED JANUARY 5, 2005 —
RECONSIDERATION DENIED FEBRUARY 11, 2005 — 

Victor Blockum, *pro se.*
*Alston & Bird, Jay D. Bennett, Paul J. Kaplan*, for appellee.

---

[12] (Citation and punctuation omitted.) *Woodard v. Doty*, 236 Ga. App. 242 (511 SE2d 602) (1999).